## 19303

Edward WILLIAMS and John Morris, Appellants, v. William D. LEEKE, as successor to Ellis C. MacDougall, Director, South Carolina Department of Corrections, State of South Carolina, Respondent.

(184 S. E. (2d) 441)

*Messrs. Matthew J. Perry and Lincoln C. Jenkins, Jr.,* of Columbia, *for Appellant, Edward Williams,* cite:

*J. A. Hutto, Jr., Esquire,* of Columbia, *for Appellant, John Morris* cites:

*Messrs. Daniel R. McLeod, Atty. Gen. and Emmet H. Clair, Asst. Atty. Gen.,* of Columbia, *for Respondent,* cite:

November 1, 1971.

BRAILSFORD, Justice:

Nine years ago John Morris and Edward Williams were convicted, respectively, of murder and accessory before the fact. They were sentenced to death by electrocution. We affirmed the conviction, *State v. Morris*, 243 S. C. 225, 133 S. E. (2d) 744 (1963), and the United States Supreme Court denied *certiorari*, 377 U. S. 1001, 84 S. Ct. 1935, 12 L. Ed. (2d) 1050, rehearing denied, 379 U. S. 873, 85 S. Ct. 24, 13 L. Ed. (2d) 81. Subsequent habeas corpus proceedings in federal court, reported at *Williams v. State*, 237 F. Supp. 360 and *Morris v. State*, 356 F. (2d) 432, were ultimately suspended so that the appellants might exhaust their state remedies. Habeas corpus proceedings were begun in the court of common pleas. After receiving testimony on three separate occasions, the court found no merit in the petitions and denied relief. Both petitioners appealed. Pending the appeal, the sentences were commuted to life imprisonment, whereupon Morris withdrew his appeal. We now dispose of the issues raised by Williams, the remaining appellant, except his challenges to imposition of the death penalty, which have become moot.

At the trial in 1962, a confession made by appellant was admitted into evidence. An insurance policy which Williams had procured on the victim's life shortly before her murder was also admitted. In his habeas corpus petition, appellant alleges that the confession was elicited under circumstances of coercion, and that it and the insurance policy to which it led the police, should have been excluded from evidence. This ground of objection was rejected on the previous appeal and by the court below in this proceeding. The appellant now contends, in substance, that his confession, and the insurance policy it revealed, were

inadmissible since the confession occurred following his illegal arrest. The arrest was lawful because it was made upon probable cause. The evidence was fully stated in our former opinion. Suffice it to say now that Williams' arrest followed the identification of his pistol, which he customarily kept in his cafe where the victim was last seen alive, as the murder weapon.

Appellant further charges that the insurance policy should have been excluded from evidence as the fruit of an illegal search. Police officers obtained the policy from the appellant's wife, who fetched it at their request while they waited in the living room of the Williams' home. Mrs. Williams was personally acquainted with one of the officers and testified that she had no fear of them. The circuit judge found "nothing to indicate that (giving them the policy) was anything other than a voluntary act on her part. * * * There was no search. The officers requested the aid of Mrs. Williams and she voluntarily gave that aid." This finding is amply supported by the evidence and, in this law case, is conclusive on appeal.

Williams assigns two more grounds of error in the admission of the insurance policy. First, he denies any right in his wife to waive his protection against unreasonable search. Since the trial court found no search occurred, this contention has no basis. Second, the appellant characterizes his wife's conduct in giving the insurance policy to the police as a breach of this state's alleged "public policy against permitting the wife of an accused (to give) evidence against her husband in criminal proceedings." This contention, new on appeal, is without substance. Section 26-403, Code of 1962, cited in support thereof, is not nearly so broad. In pertinent part, it only prevents one spouse from being required in a criminal proceeding to divulge a communication from the other spouse.

We think the admission of the insurance policy was proper; but if there was error, it was surely harmless. The

policy itself only corroborated the appellant's confessed motive for the murder, which was also corroborated by his co-defendant's testimony.

Appellant claims error in the admission of the murder weapon, his pistol, upon the ground that it was taken from him without a search warrant. We concluded on the previous appeal that the appellant, who feigned cooperation with the police during their investigation of the murder, voluntarily delivered the pistol. The court below found nothing in the habeas corpus testimony to change that conclusion, and we agree.

Appellant charges that he was denied the right to confront the witnesses against him by the admission into evidence of his co-defendant's written confession. Cited as supporting this charge is *Bruton v. United States*, 391 U. S. 123, 88 S. Ct. 1620, 20 L. Ed. (2d) 476 (1968), wherein the United States Supreme Court condemned the admission in evidence of a co-defendant's confession which "added substantial * * * weight to the Government's case in a form not subject to cross-examination, since (the co-defendant who confessed) did not take the stand." 391 U. S. at 128, 88 S. Ct. at 1623. In the present case the confessing co-defendant, Morris, took the stand, reiterating every detail of his written confession. Morris thereby subjected himself to cross-examination by Williams, who chose to ask no questions. The right of confrontation was not denied.

Williams claims that he lacked the effective assistance of counsel at trial since his attorneys failed to move for severance. We agree with the disposition of this question by the court below, which we quote:

"The decision on the question of severance was one of strategy to be made at the outset of the trial. The possibility that a different decision would have produced a different result is pure speculation. The Court finds that Petitioner Williams was and continues to be represented by able and experienced counsel in a proper and competent manner."

The remaining issues arose on challenge to imposition of the death penalty and, for the reason stated in the forepart of this opinion, will not be considered.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.